## NORMAN GAINES *v*. C. T. SCOTT.

[Abstract Kentucky Law Reporter, Vol. 3—418.]

**Alteration of Note.**

    When a note is executed by several persons and afterwards by consent of the holder and one of the makers it is altered as to the rate of interest it is to draw, the alteration is a material one and will operate to discharge the other obligors from all liability upon it.

**Consideration of Implied Contract.**

    To maintain an action upon an implied as well as on an express promise, there must be a consideration, either prejudicial to the plaintiff or beneficial to the defendant, in the action to uphold it.

### APPEAL FROM HENRY CIRCUIT COURT.

December 3, 1881.

OPINION BY JUDGE LEWIS:

On the 4th of Sept., 1876, a promissory note for $3,000, payable twelve months after date, and bearing interest at the rate of ten per cent. per annum from date until paid, was given to appellant, for money loaned, and signed in the order following, by Chilton Scott, W. H. Stratton, C. T. Scott, Joseph Campbell and C. T. Chilton. In 1878, by agreement between appellant and Chilton Scott, but without the knowledge or consent of the other parties to the note, the face of it was so altered as to make the rate of interest eight instead of ten per cent. per annum.

As it was lawful at the date of the note, as well as at the time it was altered, to contract for the payment of a rate of interest not

exceeding eight per cent. per annum, but to intentionally charge ten per cent. made the whole interest subject to be forfeited, the alteration of the note by appellant and Chilton Scott was a material one, and therefore, as is well settled, operated to discharge the other obligors from all liability upon it.

It does not appear whether appellant attempted, after the alteration, to recover on the note or not. This action was brought by him against C. T. Scott alone, not upon the note, but upon an alleged implied contract to pay the $3,000 it was executed for, and which, it is averred in the petition, appellant loaned and advanced to him and Chilton Scott at his special instance and request, whereby he became liable to pay, etc. In his answer appellee denies the money was loaned or advanced to him, or to him and Chilton Scott, but alleges it was loaned to the latter; that he, appellee, received no part of it, and did not hold himself out as being connected with Chilton Scott as principal in borrowing it or any part of it.

The verdict of the jury and judgment of the court being for defendant in the action, this appeal is prosecuted, and errors of the court in giving and refusing instructions, and admitting incompetent evidence, are relied upon for reversal. But unless appellant has a right of action upon the implied contract he was not entitled to either the instruction refused or the one given. To maintain an action upon an implied as well as upon an express promise, there must be a consideration either prejudicial to the plaintiff or beneficial to the defendant in the action to uphold it.

It is shown by both the pleadings and proof in this case that appellee did not get any part of the money loaned, the whole of it being received by and used for the benefit of Chilton Scott. Therefore, as appellee did not receive any benefit directly or indirectly from the loan, in order to authorize a recovery it must appear that appellant loaned the money at the request of appellee, and was induced by him to rely upon his promises or assurances, and to forego other or better securities for his debt.

It does not appear that appellant did, in this case, forego any advantage or security for his money, or that he has suffered any loss or injury in consequence of placing confidence in the undertaking of appellee. On the contrary it is manifest that the money was loaned upon the security afforded by the note. For it was found upon the trial that appellant refused to loan the money upon the credit of appellee alone, but required the execution of the note by the other

parties to it as a condition of, as well as security for, the loan. There is consequently no consideration whatever for the implied promise sued on.

Appellant complains that the court below improperly admitted, upon the trial, the evidence of the other obligors, which showed that Chilton Scott was the principal and all the others were his sureties on the note. We are of the opinion it was competent for appellee to prove, by the parties .to the contract, the attitude they each occupied in the transaction. From their testimony it appears that they were the cosureties and equally bound with the appellee for the payment of the note. Such being the case, it is clear that the alteration of the note would, if appellee is held responsible upon the implied contract, have the effect of imposing upon him a greater burden than he undertook, by the express contract, to bear.

Assumpsit is in the nature of an equitable action, and recovery upon an implied promise may be defeated by showing that *ex aequo et bono* the plaintiff ought not to recover. In this case the appellant, in an attempt for his own advantage to increase the liability of the obligors to the note beyond what, by the terms of it, they were legally bound for, has discharged them entirely. Having done so, we do not think he has the right to recover, upon an implied promise of appellee alone, what he undertook to be bound for in common with his cosureties.

It is not necessary to consider the question whether appellee, if he had been a beneficiary of the loan, would be liable upon an implied promise.

For the reasons indicated the judgment must be *affirmed*. Judge Hargis dissenting.

*W. P. Thorne, Carroll & Barbour, Webb & Masterson*, for appellant.

*Harwood & Carroll*, for appellee.

[Cited, *Moayon v. Moayon*, 114 Ky. 855, 24 Ky. L. 1641, 72 S. W. 33, 60 L. R. A. 415, 102 Am. St. 303.]